FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 04 2007
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

FRANK THOMAS,

            Petitioner,

-against-

SUPERINTENDENT UNGER,

            Respondent.
-----------------------------------------------------------X

MEMORANDUM
AND ORDER

06-CV-6578 (NG)

GERSHON, United States District Judge:

Petitioner Frank Thomas, currently incarcerated at Orleans Correctional Facility, has filed a *pro se* petition dated November 23, 2006, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was originally filed in the United States District Court for the Western District of New York and was transferred to this Court because "petitioner seeks to challenge a conviction reached in the Supreme Court located in Kings County, New York." See Decision and Order dated November 30, 2006. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reason set forth below, directs petitioner to submit an affirmation to show cause why the petition should not be dismissed.

Background

Petitioner challenges a 1997 Kings County conviction for burglary in the second degree and probation violation. Petitioner was sentenced on December 19, 1997, to five to eleven years imprisonment. See Petition at 1. Petitioner pled guilty and no appeal was filed. Petition at 1. Petitioner raises the following grounds: (i) conviction obtained by plea of guilty which was unlawfully induced ..., (ii) denial of effective assistance of counsel, (iii) violation of double jeopardy clause, (iv) denial of right to appeal. Petition at 7-8.

1

Petitioner's motion to vacate his conviction pursuant to New York Crim. Proc. Law § 440.10 ("440 motion") was filed in February 2006 in state court and remains pending. See Petition at 4. Petitioner also appears to be challenging the denial of parole. Petition at 8. In addition to the petition, Thomas includes copies of his 440 motion, parole board hearing transcripts, administrative appeal from the denial of parole, and other documents related to his incarceration.

Parole Denial

To the extent petitioner is seeking to challenge both his underlying conviction and the denial of parole, he is advised that he cannot challenge both in one petition. See Rule 2(e) of the Rules Governing Section 2254 Cases in the District Courts ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."). Petitioner is further advised that if seeks to challenge the denial of parole, the Eastern District of New York would not be the proper court in any event because the denial of parole did not occur in this Court's venue. Thus, this Court shall not review petitioner's denial of parole in this proceeding.

Kings County Conviction

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D); see also Lindh v. Murphy, 521 U.S. 320, 327 (1997). Under subsection (A),[1] the instant petition is untimely. Petitioner was sentenced on September 19, 1997 and he did not appeal, thus his conviction became final on October 20, 1997, thirty days after he was sentenced, when the time for filing a notice of appeal to the Appellate Division expired. See N.Y. Crim. Proc. Law § 460.10(1)(1); Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2000). Therefore, petitioner had until October 20, 1998 to file a timely habeas corpus petition. The instant petition, dated November 23, 2006, was filed well after the expiration of the one year limitations period.

Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*). Here, petitioner filed a 440 motion on February 2006, see Petition at 4, long after the one year limitations period had already expired. Thus, the filing of the 440 motion, even if it were not still pending, cannot serve to toll the limitations period under § 2244(d)(2).

---

[1] Petitioner does not state any facts to conclude that subsections (B)-(D) are applicable.

3

However, the limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id. As currently presented, the Court sees no basis for applying equitable tolling. Petitioner does not provide facts to show that extraordinary circumstances prevented him from filing the instant petition on time and that he acted with reasonable diligence.

Conclusion

The Court hereby directs petitioner to show cause by written affirmation, within 30 days from entry of this order, why the instant petition should not be dismissed as time-barred. Day v. McDonough, 126 S.Ct. 1675, 1684 (2006) (before acting on its own initiative to dismiss a petition as untimely, the district court must accord the parties fair notice and an opportunity to present their positions) (citing Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000). In the affirmation, petitioner should include any facts, including all relevant dates, which would support tolling of the limitations period as set forth above. No answer shall be required at this time and all further proceedings shall be stayed for 30 days or until the petitioner has complied with this order. If petitioner fails to comply with this order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

**SO ORDERED.**

NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
Dec, 26, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

FRANK THOMAS,

                Petitioner,

   -against-

SUPERINTENDENT UNGER,

                Respondent.
_____X

**PETITIONER'S AFFIRMATION**

06-CV-6578 (NG)

STATE OF _____ }
COUNTY OF _____ } SS:

      FRANK THOMAS, appearing *pro se*, makes the following affirmation under the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____. The instant petition should not be time-barred by the one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

1

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature & Identification Number

_____
Address

_____

_____
City, State & Zip Code