UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

FRANK THOMAS,

         Petitioner,

-against-

SUPERINTENDENT UNGER,

         Respondent.
----------------------------------------------------------------X

MEMORANDUM
AND ORDER

06-CV-6578 (NG)

FILED
IN CLERK'S OFFICE
FEB 15 2007
U.S. DISTRICT COURT E.D.N.Y
*BROOKLYN OFFICE*

GERSHON, United States District Judge:

By order dated December 26, 2006, the Court directed petitioner Frank Thomas, appearing *pro se*, to show cause why the petition dated November 23, 2006 for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred. Day v. McDonough, 126 S.Ct. 1675, 1684 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000). On January 5, 2007, petitioner filed an affirmation. The petition is dismissed as time-barred as set forth below.

Background

Petitioner challenges a 1997 Kings County conviction for burglary in the second degree and probation violation. Petitioner was sentenced on December 19, 1997, to five to eleven years imprisonment. See Petition at 1. Petitioner pled guilty and no appeal was filed. Petition at 1. Thus, petitioner's conviction became final on October 20, 1997, thirty days after he was sentenced, when the time for filing a notice of appeal to the Appellate Division expired. See N.Y. Crim. Proc. Law § 460.10(1)(1); Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2000).

Limitations Period

The habeas corpus statute provides a one-year statute of limitations for the filing of a

petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D); see also Lindh v. Murphy, 521 U.S. 320, 327 (1997). Under subsection (A),[1] petitioner had until October 20, 1998 to file a timely habeas corpus petition. The instant petition, dated November 23, 2006, was filed six years after petitioner's conviction became final, well after the expiration of the one year limitations period.

The Court directed petitioner to show cause why the petition should not be time-barred. In his affirmation, petitioner argues that his ignorance of the law, lack of education and resources, series of misfortunes (e.g., no family support and injuries from assaults while incarcerated), difficulty in obtaining court documents and problems with receiving mail at the facility are reasons why he was not able to file a timely habeas corpus petition. See Petitioner's Affirmation at 1-3.

---

[1] Petitioner does not state any facts to conclude that subsections (B)-(D) are applicable.

Equitable Tolling

The Second Circuit has held that the limitations period is subject to equitable tolling, but only in "extraordinary circumstances." See, e.g., Baldayaque v. United States, 338 F.3d 145, 150 (2d Cir. 2003). The Second Circuit has explained:

> To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll. To show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. Hence, if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.

Id. at 150 (quoting Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001)); see also Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004), cert. denied, 126 S.Ct. 489 (2005); Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).

Here, petitioner's arguments for equitable tolling – that he was ignorant of the law and had to rely on other inmates for help, lacked education, had difficulty in obtaining court records and receiving mail at the facility – are not "extraordinary," as they apply to most inmates. The district courts have uniformly found that these reasons do not justify equitable tolling. See Worsham v. West, 05 Civ. 530, 2006 WL 2462626, at *2 (S.D.N.Y. Aug. 23, 2006) ("Mere ignorance of the law does not qualify as an extraordinary circumstance warranting equitable tolling in habeas cases."); Doyle v. Yelich, No. 05 CV 2750, 2005 WL 2475727, at *2 (E.D.N.Y. Oct. 7, 2005) (a petitioner's

*pro se* status and ignorance of the law do not warrant equitable tolling); Ayala v. Fischer, 04 Civ. 3404, 2004 WL 2435523, at *1 (S.D.N.Y. Nov. 2, 2004) ("Ignorance of the law and an inability to read or write do not constitute extraordinary circumstances that would justify equitable tolling."); Williams v. Breslin, 03 Civ. 1848, 2004 WL 2368011, at *6 (S.D.N.Y. Oct. 20, 2004) (same); Lewis v. Walsh, No. 03 Civ. 1932, 2003 WL 21729840, at *2 (S.D.N.Y. Jul. 25, 2003) ("Failure to obtain legal documents from one's state trial does not equitably toll the statutory period."); Francis v. Miller, 198 F.Supp.2d 232, 235 (E.D.N.Y. 2002) (holding that ignorance of law and legal procedure is not so exceptional as to merit equitable tolling); Agramonte v. Walsh, No. 00 CV 892, 2002 WL 1364086, at *1 (E.D.N.Y. June 20, 2002) (a negligent loss of legal papers does not entitle petitioner to equitable tolling); Armand v. Strack, No. 98 CV 6650, 1999 WL 167720, at *5 (E.D.N.Y. Feb. 19, 1999) (lack of access to law clerks, illiteracy, lack of English fluency and ignorance of the law have all been considered and rejected by the courts as insufficient to demonstrate exceptional circumstances).

Moreover, petitioner does not show how the injuries he sustained during the course of his incarceration prevented him from filing the habeas corpus petition within the one-year period. Rhodes v. Senkowski, 82 F.Supp.2d 160, 173 (S.D.N.Y. 2000) (a petitioner must allege more than the mere existence of physical ailments to justify equitable tolling ); see also Williams v. Breslin, 03 Civ. 1848, 2004 WL 2368011 at *8 ("Although the physical and mental conditions described may have had an important impact on [petitioner's] well-being, he has not shown that any of these conditions, whether taken separately or cumulatively, rendered him incapable of filing a habeas petition during the limitations period."). The Court, therefore, concludes that petitioner has not alleged facts sufficient to warrant equitable tolling.

Conclusion

Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby dismissed as time-barred. 28 U.S.C. § 2244(d). As this petition present no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c). The Court certifies that pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

/s/ Nina Gershon

**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
~~January~~ , 2007
February 13